Following a bench trial in the District Court, the defendant was convicted of two counts of violating an abuse prevention order. G. L. c. 209A, § 7. On appeal, the defendant challenges one of those convictions, claiming that the evidence underlying the conviction-text messages received by his former girl friend-had not been properly authenticated and therefore should not have been admitted at trial. More specifically, the defendant argues that the evidence did not establish that he authored the text messages. We disagree and affirm.
"[B]efore admitting an electronic communication in evidence, a judge must determine whether sufficient evidence exists 'for a reasonable jury to find by a preponderance of the evidence that the defendant authored' the communication." Commonwealth v. Oppenheim, 86 Mass. App. Ct. 359, 366 (2014), quoting from Commonwealth v. Purdy, 459 Mass. 442, 447 (2011). The judge "may look to confirming circumstances that would allow a reasonable jury to conclude that this evidence is what its proponent claims it to be." Purdy, supra at 449 (quotation omitted). We review the judge's decision for an abuse of discretion. See Commonwealth v. Connolly, 91 Mass. App. Ct. 580, 585 (2017).
Here, the evidence established that the defendant and the victim were in a romantic relationship from 2003 to 2016 and had two daughters together. After the relationship ended, the victim sought and received an abuse prevention order prohibiting the defendant from contacting her or the children "in person, by telephone, in writing, electronically or otherwise." Thereafter, the victim received text messages from the same telephone number previously used by the defendant to communicate with her via text messages. One of these earlier text messages included a photograph of the defendant holding his nephew. From this evidence, the judge could reasonably infer a direct connection between the defendant and the telephone number from which the text messages were sent.
The content of the text messages reinforced their link to the defendant. The messages read, in part, "I did mess up in the past but ... I'm ready to be honest baby and love you and make you happy"; "[t]alk to me baby ... [i]t's me, the father of the girl's [sic]"; and "I will always love you." These statements, considered in the context of the victim's thirteen-year relationship with the defendant and the outstanding abuse prevention order, were confirming circumstances establishing, by a preponderance of the evidence, that the defendant had authored the text messages. See Purdy, supra at 447-448 ("Evidence may be authenticated by ... its appearance, contents, substance, internal patterns, or other distinctive characteristics" [quotation omitted] ). Accordingly, the judge acted within his discretion in admitting the text messages.
Judgments affirmed.